**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) STATE NATIONAL INSURANCE COMPANY, and <br> 2) NATIONAL SPECIALTY INSURANCE COMPANY, <br><br>          Plaintiffs, <br><br> vs. <br><br> 1) S&H TANK SERVICE, INC., and <br> 2) NATIVE EXPLORATION OPERATING, LLC, <br><br>          Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No.: CIV-19-284-G <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COME NOW** State National Insurance Company and National Specialty Insurance Company, Plaintiffs herein, and for their Complaint seeking a declaratory judgment of this Court pursuant to 28 U.S.C. § 2201 to determine a controversy as to the rights and obligations of the parties related to certain policies of insurance issued by Plaintiffs to Defendant S&H Tank Service, Inc. d/b/a/ S&H Tank Service of Oklahoma, and subject to amendment at the conclusion of all pretrial discovery, do allege and state as follows, to wit:

### JURISDICTION

1.   Plaintiff State National Insurance Company ("State National") is an insurance company created under the laws of the State of Texas and having its principal place of business within the State of Texas, and is therefore a citizen of the State of Texas.

2. Plaintiff National Specialty Insurance Company ("National Specialty") is an insurance company created under the laws of the State of Texas and having its principal place of business within the State of Texas, and is therefore a citizen of the State of Texas.

3. Defendant S&H Tank Service, Inc. d/b/a S&H Tank Service of Oklahoma ("S&H") is a corporation created under the laws of the State of Oklahoma and having its principal place of business within the State of Oklahoma, and is therefore a citizen of the State of Oklahoma.

4. Defendant Native Exploration Operating, LLC ("Native") is a limited liability company whose members, upon information and belief, are Lane Gibbs and Matt Whitaker, both of whom are citizens of the State of Oklahoma, and Defendant Native Exploration Operating, LLC is therefore a citizen of the State of Oklahoma.

5. This lawsuit concerns whether coverage is afforded under policies of insurance issued by State National and National Specialty to S&H, which each have coverage limits in excess of $75,000.00, for purported losses in excess of $75,000.00 suffered by Native allegedly due to the conduct of S&H, by reason of which the amount in controversy in this lawsuit exceeds $75,000.00 exclusive of interest and costs.

6. Therefore, by virtue of the complete diversity of the citizenship of the parties to this action and the sufficiency of the amount in controversy, this Court is vested with jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

**VENUE**

7. The claims of State National and National Specialty for a declaratory judgment concern the rights and obligations of those companies to S&H in relation to

policies of insurance issued to S&H in Lindsay, Garvin County, Oklahoma, in relation to alleged losses of Native which occurred in McClain County, Oklahoma.

8. Because a substantial part of the events giving rise to the claims at issue in this lawsuit occurred in Garvin County, Oklahoma, and McClain County, Oklahoma, which are two of the counties of which the Western District of Oklahoma is comprised, venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

9. State National issued a Commercial Lines Policy of insurance numbered NFD0864636 to S&H which was in effect from April 14, 2018 through April 14, 2019, and included commercial liability insurance coverage with a per occurrence limit of liability of $1 million subject to the terms and conditions of said contract (a true and correct copy of said policy is attached hereto as Exhibit 1).

10. National Specialty issued a Commercial Liability Umbrella Policy of insurance numbered NFF0864636 to S&H which was in effect from April 14, 2018 through April 14, 2019, with a per occurrence limit of excess liability coverage over that afforded by the State National policy of $1 million, and otherwise subject to the terms and conditions of said contract (a true and correct copy of said policy is attached hereto as Exhibit 2).

11. Defendant Native has filed a lawsuit against S&H in the District Court of McClain County, Oklahoma ("State Court Lawsuit"), alleging that S&H is liable for causing damage to Native's operations in relation to Native's oil and gas well into the Woodford common source of supply (the "Lighthorse Well"), as a result of S&H's ownership and operation of a saltwater disposal well (the "Alsup Well") used for the

purpose of disposing of saltwater and other deleterious substances produced or used during the course of oil and gas production (a true and correct copy of the Petition by which the State Court Lawsuit was commenced is attached hereto as Exhibit 3).

12. Specifically, the State Court Lawsuit alleges, in part, that "[o]n or about August 23, 2018, during drilling operations into the Woodford common source of supply, Native encountered an influx of water in Section 19 that does not occur naturally in the Woodford Formation (the 'Woodford') in that area"; that "...Native concluded that the water was coming from the S&H operated Alsup 1-19 saltwater disposal (SWD) well (the 'Alsup Well') in Section 19"; that "[w]hen the Alsup Well was finally shut-in, Native was able to safely plug back out of Section 19 and run cement in Section 18. The operations associated with the plug back ranged from standard well control procedures such as shutting in the blowout preventer, to significantly changing the mud program to account for the increasing concentration of water in the mud. When Native received assurance that the Alsup Well was shut-in, it stripped pipe out of the top of the curve of the Lighthorse well, performed shut-in checks, and performed substantial engineering analysis to allow it to continue its efforts to safely plug back out of Section 19"; that "on information and belief, given the influx of water, either S&H was disposing directly into the Woodford without authority or, alternatively, the water S&H was disposing into the Hunton (and quite possibly the Viola and Bromide as well) migrated to the Woodford. Either cause was the direct result of S&H's operation of the Alsup Well in Section 19 and the source of Native's damages"; and that "[a]s a result of the influx of water from S&H's improper operation of the Alsup Well and/or the migration of water between formations Native has suffered

damages. Those damages include, but are not limited to, the costs associated with the plug back operation in the Lighthorse Well and the incremental costs to re-drill a new well to develop the Woodford formation in Section 19 for Native and the other owners in Section 19."

13. State National has assumed the defense of S&H in that lawsuit subject to a reservation of its rights to investigate and determine its coverage and National Specialty, despite having no present defense or indemnity obligation as the umbrella insurer of S&H until such time as the liability limit of State National's policy is exhausted, has nonetheless notified S&H that it has reserved its rights to investigate and determine its coverage as to said claims and lawsuit.

14. During a period of 2018, S&H owned and operated the Alsup saltwater disposal well and the property on which it sits, and through at least August 24, 2018, used the Alsup well to dispose of saltwater and other deleterious substances produced or used during the course of oil and gas production.

15. S&H has made demand upon State National and National Specialty for coverage in relation to the claims asserted in the State Court Lawsuit.

16. Insofar as the State Court Lawsuit alleges that Native's damages were caused by the injection and disposal of pollutants including waste from oil and gas production into the Alsup disposal well by S&H, such damage would not be covered under the Insuring Agreements of the State National or the National Specialty policies of insurance, since such does not constitute property damage caused by an accident so as to constitute an "occurrence" required to trigger the liability coverage of those policies.

17. Moreover, the property damage asserted by Native allegedly arose from the discharge into the Alsup disposal well of waste and pollutants from oil and gas operations, which constitute pollutants as defined by the policies, and coverage is thus excluded under the State National and National Specialty policies for such claims of property damage by the Pollution Exclusions contained therein; moreover, although the State National policy affords limited pollution coverage subject to certain specific criteria, the claims in the State Court Lawsuit do not satisfy the criteria to such coverage being afforded, and such coverage is further excluded.

18. In addition, the State Court Lawsuit further seeks damages which are excluded by the National Specialty policy's Oil and Gas Industries Exclusion, since such exclusion precludes coverage for property damage resulting from loss of or damage to oil, gas, water or other mineral substances underground, or to any well, hole, formation, strata or area in or through which exploration for production of any substance is carried on. That exclusion further precludes coverage for property damage resulting from any direct or indirect contamination by saline substance, including the saltwater S&H was disposing through the Alsup well.

19. The State Court Lawsuit further seeks damages which are either not within the definition of property damage for which the policies afford coverage, or are excluded under the terms thereof.

20. The State Court Lawsuit further seeks punitive or exemplary damages from S&H, as to which Oklahoma law prohibits insurance coverage under the circumstances alleged therein, and which are excluded under the State National policy.

21. Therefore, the State National and National Specialty policies do not afford coverage to S&H for the claims of property damage allegedly suffered by Native as set forth within the State Court Lawsuit.

22. In the alternative, to the extent any coverage is afforded to S&H under the State National or National Specialty policies for the claims of property damage allegedly suffered by Native as set forth within the State Court Lawsuit, such coverage is limited to one "occurrence" under the State National and National Specialty policies based upon the definition of that term as set forth within the policies.

23. Insofar as Native is a contingent claimant under the subject policies of insurance should it recover in the State Court Lawsuit against S&H, Native is properly joined in this action.

24. An actual and justiciable controversy presently exists as between State National and National Specialty, on the one hand, and S&H and Native, on the other hand, as to the coverage afforded to S&H under the subject policies of insurance, by reason of which the declaration of this Court adjudicating the respective rights of the parties to this lawsuit is sought herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs State National Insurance Company and National Specialty Insurance Company do herein respectfully pray for judgment against Defendants S&H Tank Service, Inc. and Native Exploration Operating, LLC declaring that no coverage is afforded under the subject policies of insurance for the claims asserted in the State Court Lawsuit against S&H by Native, or, in the alternative, should this Court find that such coverage is available, declaring that such coverage is

limited to one "occurrence" under the State National and National Specialty policies, and for such other and further relief as the Court may deem just and equitable in the premises.

          Respectfully submitted,

          *s/Casper J. den Harder*
          Phil R. Richards, OBA # 10457
          Casper J. den Harder, OBA #31536
          RICHARDS & CONNOR
          12th Floor, ParkCentre Building
          525 S. Main Street
          Tulsa, Oklahoma 74103
          Telephone:  918/585.2394
          Facsimile:  918/585.1449
          Email:  prichards@richardsconnor.com
                    cdenharder@richardsconnor.com

          **ATTORNEYS FOR PLAINTIFFS**
          **STATE NATIONAL INSURANCE**
          **COMPANY AND NATIONAL**
          **SPECIALTY INSURANCE COMPANY**